IíichardsoN, Oh. J.,
delivered the opinion of the court:*
The claimant, the district attorney of the United States for New Mexico, brings this action to recover certain fees allowed by the accounting officers in their adjustment of his accounts and which they refused to certify for payment on the ground that the same should be included among the “fees and emoluments of his office,” which he is not allowed to retain beyond the maximum of $3,500 a year, and on other grounds. (Rev. Stat., •§ 883 (20), 835 (22); Act of 1882, August 7, chap. 436; 22 Stat. L., 344 (24).
There are three items, all in excess of the maximum (24).
The first is mileage amounting to $1,270.80. In our opinion this item does not come within the meaning of the words “fees *573 and emoluments” (20). Mileage is defined to be “an allowance for traveling expensen at a certain rate per mile.” (Webster.) It is a commutation or substitute for expenses estimated to be necessary for travel, and is fixed by law at 10 cents a mile (12), which ordinarily or on the average, it is supposed, will cover the actual amount required. It relieves public officers from the trouble of keeping itemized accounts of small disbursements and avoids controversies between them and the accounting officers upon insignificant matters.
It is a reimbursement at a fixed rate, alike to the Government in all cases. Actual expenses may not and generally are not alike to all officers. Their expenses of travel vary according to the distance and the time occupied in the business for which the journey is made, as well as according to the difference in taste and the economical or luxurious habits of the persons. In traveling by rail, one officer may go in an ordinary car, while another may take a Pullman with a whole section for his sleeping apartment. In passing through cities one may go in the street car, while another may take a carriage. The differ T enees of expense in such instances and many others of like character, trifling in themselves, may rise in the aggregate to an amount against which the accounting officers could raise objections, to the great annoyance of the officers.
The commutation for such expenses can no more be regarded as fees and emoluments than would the items of actual expenditures if required to be included in the emolumeut return, which latter we apprehend nobody would claim to be either fees or emoluments.
The second item is $2,843.66 — for each day of necessary attendance in a court of the United States on the business of the United States when the court was held at the place of his abode, and for his attendance when the court was held elsewhere, $5 per day; and for examinations before a judge or commissioner of persons charged with crime, $5 a day for the time necessarily employed, as allowed by the Revised Statutes, section 824 (12).
The claimant urges that this is to reimburse him for his personal expenses, and should not be included as part of the emoluments of his office which go to make up his maximum. But we do not so regard it. He attends court and such examinations on the business of the Government and this is his *574 compensation. As this allowance applies both to attendance in courts held at his place ot'abode, whereby he is subjected to no additional expenses, as well as elsewhere, and as the fee is the same in both cases, it is not supposed that Congress contemplated reimbursement of expenses by this fee.
The third item presents more difficulties. It is a claim of $595 balance unpaid for services performed in certain cases in the Territorial courts of the claimant’s district, in one of which the United States was a party, and in all but one by direction of the Attorney-General, and in that one by direction of the court itself, and in one case in the United States district court •for the Territory. In all of the cases the Government was supposed to be in some way interested. Conceding that these services were not within the official duties of the district attorney, which it might be difficult to determine if we were required to pass upon that point, we are brought to the consideration of the questions, whether or not the Attorney-General had a right by any general law to employ the claimant at all or, employing him without an agreed compensation, what should be the measure of pay for the services performed ?
Under iGiat statute was he employed by the Attorney-General? Certainly not under Revised Statutes section 363 (2), which authorizes the Attorney-General to employ and retain such attorneys and counselors at law as he may think necessary to assist the district attorneys in the discharge of their duties, since the cases occurred in his own district and he could not be employed to assist himself; nor was he retained under section 306 (4), since he received from the head of the Department of Justice no commission as a special assistant to the Attorney-General or to some of the district attorneys, as therein required; nor under section 367 (5), because he was not sent out of his State or district, as may be contemplated by that section, and was not an officer of the Department of Justice. This latter is apparent from section 365 (3), which makes a distinction between district attorneys and officers of the Department of Justice.
But conceding further that there was authority by general law for his employment by direction of the Attorney-General, what is the measure of his compensation?
Revised Statutes, section 1765 (18), provide that no officer in any branch of the public service, whose salary, pay, or emoluments are fixed by law or regulations, shall receive any *575 additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation.
Section 305 (3) prohibits the payment of compensation unless the Attorney-General certifies that the service could not be performed by the Attorney-General, Solicitor-General or the officers of the Department of Justice, or by the district attorneys. That certificate the Attorney-General did not make, and could not make, because the services were in fact performed by a district attorney, and that, too, within his own district.
If he is entitled to this pay at all, it is under sections 823,824 (11,12), which prescribed all the fees that can be allowed to district attorneys, and section 299 (26) which provide that for unofficial services district attorneys shall be allowed payment “ assimilating the fees, as near as may be, to those provided by law for similar services in eases in which the United States is aparty.”
The items of service in this case are not proved, and we have no means of determining what the assimilated fees would be, but they would be small under any circumstances in comparison with the charges of the district attorney in his account, and were probably not considered of enough consequence to be proved. If he were allowed assimilated fees in every case charged for, the amount, as we make it, could not exceed $280, and probably would be much less.
Mr. Comptroller Lawrence had this same question before him. He passed accounts approved by the Attorney-General for charges similar to those of the claimant, and allowed them “ by force of the proviso in the Act of 1874, June 20, chapter 328, section 3 ” (19). That act prohibits any civil officer from receiving any compensation beyond his salary or compensation allowed by law, with this proviso, “that this shall not be construed to prevent the employment and payment by the Department of Justice of district attorneys as now alloioed bylaw for the performance of services not covered by their salaries and fees.” He held that there was no previous law providing for such employment, and that payment for such services was positively prohibited by Bevised Statute, section 1765 (18) and other sections. He found, however, that it had been the practice or *576 custom of the Attorney-General to approve accounts for like charges, for the accounting officer to pass them and for the Treasury to pay the same. He regarded the proviso in the act of 1874 as recognizing and legalizing that practice or custom.
We do not so interpret the meaning of the proviso. There are extra duties for which district attorneys are allowed by law to be paid. (Rev. Stat., §§ 825, 827, 4664 (13, 15, 16), and perhaps others.) These laws may have been those referred to in this proviso, which is only a saving clause to that which precedes it prohibiting extra compensation to all civil officers, with an exception by the proviso in favor of district attorneys for employment and payment “ as now allowed by law?
If there were an existing practice or custom to employ and pay district attorneys in cases not then allowed by law, this proviso clearly implies that it is not excepted from the preceding general prohibition.
But if Congress acted upon a mistaken understanding of the existing law, we can not see how the proviso made a new law. It was held by the Supreme Court in Postmaster-General v. Early (12 Wheat., 148), that “ a mistaken opinion of the legislature concerning the law does not make the law,” unless “the mistake is manifest from words competent to make the law for the future.”
We find no words in this proviso competent to make the law for the future, as held by the Comptroller.
The items of this branch of the accounts were not allowed as counsel fees by the judge before whom the cases were tried, as provided by Revised Statutes, §§ 823, 824 (11, 12), and so were not judicially determined. The whole account, including the charge for appearing in a case in the Territorial court by direction of the judge, was examined and certified by the district judge, as provided by Revised Statutes, § 846 (25), before presentation to the Treasury, but that was not an adjudication conclusive upon the parties, except as to the fact that th¿ services were performed, and did not establish the right to payment without revision on the merits. (Waters’s Case, 21 C. Cls. R., 30; affirmed on appeal, 133 U. S. R., 208; Jones’s Case, 134 U. S., 483.)
As to the charge for service in a case in the Territorial court performed by direction of the court itself, we know of no law authorizing the court thus to employ the claimant and no law for payment for services rendered under such circumstances.
*577 These charges, amounting to $1,910, were approved in part, including $100 charged for services thus performed by direction of the Territorial courts and disapproved in part as excessive by a former Attorney-General, and as so approved were allowed by the accounting, officers, and paid to the extent stated in the findings of fact.
The first authority given by statute to pay for services not covered by salary or fees, or extra compensation above referred to, was contained in the legislative, executive, and judicial appropriation act for the fiscal year ending June 30, 1889, repeated in each subsequent year since in these words: “ For payment of district attorneys, the same being for payment of such special compensation as may be fixed by the Attorney-General for services not covered by the salary or fees, $5,000.” (25 Stat. L., 542.) The claimant is entitled to the benefit of this provision for the last half of the year 1888, and he has had that by receiving for his compensation all that was fixed by the approval of the Attorney-General. The amount approved by the Attorney-General and not allowed by the accounting officers was for services prior to that time.
As to the services lor the two and a half previous years, although approved by a former Attorney-General, the Department of Justice now, with an able brief by an industrious assistant, controverts the claimant’s right to the compensation claimed.
We agree with the Department of Justice in its present contention and decide against the claimant. No counterclaim nor set-off has been filed by the defendants.
Upon these views of the law the claimant' is entitled to recover the amount of his mileage, $1,270.80, and no more, and judgment will be entered in his favor for that sum.
We append copies of sections of the Revised Statutes and subsequent acts, the construction of which is more or less involved in the case or throw light upon the subjects discussed, arranged for convenience or reference and comparison, not in numerical order of sections nor chronological order of dates, but under different headings, into which they are classified according to the subject-matter as far as practicable. They are referred to in the findings and opinion for the same reason, not only by sections, etc., but by numbers in parentheses.
*578 “EMPLOYMENT.
“ (1) Sec. 359. Except when the Attorney-General in particular cases otherwise directs, the Attorney-General and Solicitor-General shall conduct and argue suits and writs of error and appeals in the Supreme Court and suits in the Court of Claims in which the United States is interested, and the Attorney-General may, whenever he deems it for the interest of the United States, either in person conduct and argue any case in any court of the United States in which the United States is interested, or may direct the Solicitor-General or any officer of the Department of Justice to do so.
“(2) Sec. 303. The Attorney-General shall, whenever in his opinion public interest requires it, employ and retain in the name of the United States, such attorneys and counselors at law as he may think necessary to assist the district attorneys in the discharge of their duties, and shall stipulate with such assistant attorneys and counsel the amount of compensation, and shall have supervision of their conduct and proceedings.
“ (3) Sec. 365. Uo compensation shall hereafter be allowed to any person, besides the respective district attorneys and assistant district attorneys for services as an attorney or counselor to the United States or to any branch or Department of the Government thereof, except in cases specially authorized by law, and then only on the certificate of the Attorney-General that such services were actually rendered, and that the same could not be performed by the Attorney-General, or Solicitor-General, or the officers of the Department of Justice, or by the district attorneys.
“ (4) Sec. 360. Every attorney or connselor who is specially retained, under the authority of the Department of Justice, to assist in the trial of any case in which the Government is interested, shall receive a commission from the head of such Department, as a special assistant to the Attorney-General, or to some one of the district attorneys, as the nature of the appointment may require; and shall take the oath required by law to be taken by the district attorneys, and shall be subject to all the liabilities imposed upon them by law.
“ (5) Sec. 367. The Solicitor-General, or any officer of the Department of Justice, may be sent by the Attorney-General to any State or district in the United States to attend to the interests of the United States in any suit pending in any of the courts of the United States, or in the courts of any State, or to attend to any other interest of the United States.
“'duties.
“ (6) Sec. 771. It shall be duty of every district attorney to prosecute, in his district, all delinquents for crimes and offenses cognizable under the authority of the United States, *579 and all civil actions in which the United States are concerned, and, unless otherwise instructed by the Secretary of the Treasury, to appear in behalf of the defendants in all suits or proceedings pending in his district against collectors, or other officers of the revenue, for any act done by them or for the recovery of any money exacted by or paid to such officeis and by them paid into the Treasury.
“ (7) Sec. 380. All suits and proceedings arising out of the provisions of law governing national banking associations, in which the United States or any of its officers or agents shall be parties, shall be conducted by rhe district attorneys of the several districts under the direction and supervision of the Solicitor of the Treasury.
“ (8) Sec. 838. It shall be the duty of every, district attorney to-whom any collector of customs, or of internal revenue, shall report, according to law, any case in which any fine, penalty, or forfeiture has been incurred in the district of such attorney for the violation of any law of the United States relating to the revenue, to cause the proper proceedings to be commenced and prosecuted without delay, for the fines, penalties, and forfeitures in such case provided, unless, upon inquiry and examination, he shall decide that such proceedings can not probably be sustained, or that the ends of public justice do not require that such proceedings should be instituted; in which case he shall report the facts in customs cases to the Secretary of the Treasury, and in internal-revenue cases to the Commissioner of Internal Kevenue for their direction.
“And for the expenses incurred and services rendered in all such cases the district attorney shall receive and be paid from the Treasury such sum as the Secretary of the Treasury shall deem just and reasonable, upon the certificate of the judge before whom such cases are tried or disposed of.
“Provided, That the annual compensation of such district attorney shall not exceed the maximum amount prescribed by law by reason of such allowance and payment.
“ (9) Sec. 3085. District attorneys upon receiving the report of a collector, shall cause suit and prosecution to be commenced and prosecuted without delay for the fines and personal penalties by law in such case provided, unless upon inquiry and examination they shall decide that a conviction can not probably be obtained, or that the ends of public justice do not require that a suit or prosecution should be instituted, in which case they shall report the facts to the Secretary of the Treasury for his direction.
“For expenses incurred and services rendered in prosecutions for such fines and personal penalties they shall receive such allowance as the Secretary of the Treasury shall deem just and reasonable, upon the certificate of the judge before whom such prosecution was had.
*580 “(10) Sec. 355. * * * The district attorneys of the
United States, upon the. application of the Attorney-General, shall furnish any assistance or information in their power in relation to the titles of the public property lying within their respective districts.
“COMPENSATION.
“(11) Sec. 823. The following and no other compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, to * * district attorneys, # * except in cases otherwise expressly provided by law. But nothing herein shall be construed to prohibit attorneys, solicitors, and proctors from charging to and receiving from their, clients, other than the Government, such reasonable compensation for their services, in addition to the taxable costs, as may be in accordance with general usage in their respective States, or may be agreed upon between the parties.
“(12) Sec. 824. On a trial before a jury, in civil or criminal causes or before referees, or on a ft nal hearing in equity or admiralty, a docket fee of twenty dollars: Provided, That in cases of admiralty and maritime jurisdiction, where the libelant recovers less than fifty dollars, the docket fee of his proctor shall be but teii dollars.
“In cases at law, when judgement is rendered without a jury, ten dollars.
“In cases at law, when the cause is discontinued, five dollars.
“ For scire facias, and other proceedings on recognizances, five dollars.
“For each deposition taken and admitted in evidence in a cause, two dollars and fifty cents.
“ For services rendered in cases removed from a district to a circuit court by writ of error or appeal, five dollars.
“ For examination by a district attorney, before a judge or commissioner, of persons charged with crime, five dollars a day for the time necessarily employed.
“For each day of his necessary attendance in a eourt of the United States on the business of the United States, when the court is held at the place of his abode, five dollars; and for his attendance when the court is held elsewhere, five dollars for each day of the term.
“ For traveling from the place of his abode to the place of holding any court of the United States in his district, or to the place of any examination before a judge or commissioner, of a person charged with crime, ten cents a mile for going and ten cents a mile for returning.
“ When an indictment lor crime is tried before a jury and a conviction is had, the district attorney may be allowed, in addition to the attorney’s fees herein provided, a counsel fee, in proportion to the importance and difficulty of the cause, not exceeding thirty dollars.
*581 “ (13) Sec. 825. There shall be taxed and paid to every district attorney two per centum upon all moneys collected or realized in any suit or proceeding arising under the revenue laws, and conducted by him, in which the United States is a party, which shall be in lieu of all costs and fees in such x>ro-ceeding.
“ (14) Seo. 826. No fee shall accrue to any district attorney on any bond left with him for collection, or in a suit commenced on any bond for the renewal of which provision is made by law, unless the party neglects to apply for such renewal for more than twenty days after the maturity of the Pond.
“ (L5) Sec, 827. When a district attorney appears by direction of the Secretary or Solicitor of the Treasury, on behalf of any officer of the revenue in any suit against such officer, for any act done by him, or for the recovery of any money recovered by him and paid into the Treasury in the performance of his official duty, he shall receive such compensation as may be certified to be proper by the court in which the suit is brought, and approved by the Secretary of the Treasury.
“ (16) Sec. 4646. The district attorney and prize-commissioners, except the naval officers, shall be allowed a just and suitable compensation for their respective services in each prize-cause, to be adjusted and determined by the courts, and to be paid as costs in the cause.
“(17) Sec. 4647. Bach district attorney * * * shall render to the Attorney-General an annual account of all sums he shall have received for all services in prize-causes within the previous year; and the district attorney shall be allowed to retain therefrom a sum not exceeding three thousand dollars a year, in addition to the maximum compensation allowed to be retained by him; # * * or in addition to any salary he may receive in lieu of such maximum compensation; * * * and any excess over those respective amounts shall be paid by the officer receiving the same into the Treasury of the United States, and shall be credited to the fund for paying naval pensions.
“ (18) Sec. 1765. No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicitly states that it is for sugh additional pay, extra allowance, or compensation.
“ (19) Act of 1874, Juno 20, chapter 328 (18 Stat. L., 101):
Sec. 3. That no civil officer of the Government' shall’ hereafter receive any compensation or perquisites, directly or indirectly, from the Treasury or property’ of the United States beyond his salary or compensation allowed by law:
*582 “Provided, That this shall not be construed to prevent the employment and payment by the Department of Justice of district attorneys as now allowed by law for the performance of services not covered by their salaries or fees.
“ACCOUNTS.
“ (20) Sec. 833. Every district attorney shall, on the first days of January and in July in each year, or within thirty days thereafter, make to the Attorney-General, in such form as he may prescribe, a written return for the half year ending on said days, respectively, of all the fees and emoluments of his office, of- every name and character, and of all the necessary expenses of his office, including necessary clerk hire, together with the vouchers for the payment of the same for such last half year. He shall state separately in such returns the fees and emoluments received or payable under the bankrupt act. Said returns shall be verified by the oath of the officer making them.
“ (21) Seo. 834. The preceding section shall not apply to the fees and compensation allowed to district attorneys by sections eight hundred and twenty-five and eight hundred and twenty-seven.
“All other fees, charges, and emoluments to which a district attorney * * * may be entitled, by reason of the discharge of the duties of his office, as now or hereafter prescribed by law, or in any case in which the United States will be bound by the judgment rendered therein, whether prescribed by statute or allowed by a court, or any judge thereof, shall be included in the semi-annual return required of said officers by the preceding section.
“ (22) Sec. 835. No district attorney shall be allowed by the Attorney-General to retain of the fees and emoluments of his office which he is required to include in his semi-annual return, for his personal compensation, over and above the necessary expenses of his office, including necessary clerk hire, to be audited and allowed by the proper accounting officers of the Treasury Department, a sum exceeding six thousand dollars a year, or exceeding that rate for any time less than a year.
“ (23) Sec. 837. The district attorneys and marshals for the districts of Oregon and Nevada shall be entitled to receive, for the like services, double the fees hereinbefore provided, but neither of them shall be allowed to retain of such fees any sum exceeding the aggregate compensation of such officer as here-inbefore provided.
“ (24) Act of 1882, August 7, Chapter 436 (22 Stat. L., 344.)
“ Section eight hundred and thirty-seven of the Eevised Statutes of the United States is extended to the Territories of New Mexico and Arizona, and shall apply to the fees of all officers in such Territories. But the district attorney shall *583 not, by fees and salaries together, receive more than three thousand five hundred dollars per year; and all fees or moneys received by him above said amount shall be paid into the Treasury of the United States.
“ (25) Sec. 846. The accounts of district attorneys, clerks, marshals, and commissioners of circuit courts shall be examined and' certified by the district judge of the district for which they are appointed before they are presented to the accounting officers of the Treasury Department for settlement. They shall then be subject to revision upon their merits by said accounting officers, as in case of other public accounts.
“ (26) Sec. 299. All accounts of the United States district attorneys for services rendered in cases instituted in the courts of the United States, or of any State,, when the United States is interested, but is not a party of record, or in cases instituted against the officers of the United States, or their deputies, or duly appointed agents, for acts committed or omitted or suffered by them in tue lawful discharge of their duties, shall be audited and allowed as in other cases, assimilating the fees, as near as may be, to those provided by law for similar services in cases in which the United States is a party

Notk. — The references in parentheses in this opinion and findings are to sections of the existing statutes, printed at the end of the opinion.