BichardsoN, Oh. J.,
delivered the opinion of the court:
Several questions of law arise in this case and we shall consider them in the numerical order of the findings.
The claims in the second and third findings are for counsel fees of $30 in each case, allowed by the judge before whom the cases were tried, under Bevised Statutes, section 824, and which were reduced by the Attorney-General and the accounting officers. The claimant denies the right of those officers to make the reduction, and sues for the amount deducted.
This raises the question decided in favor of the claimant in Waters’s Case (21 C. Cls. R., 30), and as that case was affirmed on appeal by the Supreme Court (133 U. S. R., 208) it is unnecessary to considerthe subject further.
To the claims in the second finding the defendants further plead the statute of limitations (Rev. Stat., sec. 1069.)
A rule of the court provides as follows:
“8. When the claimant can not state his ease with the requisite particularity without an examination of papers in one of the Executive Departments, and has been unable to obtain a suffi *553 cient examination of such papers on application, be may file a petition stating bis claim as far as is in bis power, and specifying as definitely as be can tbe papers be requires in order to enable bim to state bis claim.
“ Tbe court will thereupon call upon tbe proper, Department for sueb information or papers as it may deem necessary, and when tbe same are furnished tbe petition may be amended, ■and tbe amended petition shall be printed and filed, and may take tbe place of tbe original petition.”
October 16, 1889, tbe claimant filed tbe following preliminary petition:
“ Tbe claimant, Samuel G-. Hillborn, respectfully represents:
“That be was duly appointed and commissioned United . States district attorney for tbe district of California and served in such office from, on, or about tbe first day of January, eighteen hundred and eigbty-tbree, until on or about tbe fifteenth day of November, eighteen hundred and eighty-six.
“ That during said period be faithfully performed tbe duties of said office and was also employed and retained by tbe Attorney-General of tbe United States for many other duties outside of bis official duties as district attorney aforesaid.
“ That from time to time, as required by law, be prepared bis accounts for services rendered tbe United States.
‘‘That the same was fully approved by tbe United States district judge to whom tbe same were submitted and were forwarded to tbe United States Treasury Department.
l( That numerous items of said accounts were disallowed by tbe Treasury Department upon various grounds not warranted by law.
u That petitioner can not now state with particularity tbe items so disallowed, but avers that among them were many items for services rendered by direction of tbe Attorney-General in connection with various habeas corpus cases of China-men desiring to enter this country.
“ That tbe total of tbe items so disallowed is in tbe vicinity of seven thousand dollars more or less.
“ That on account of tbe papers upon which this claim is based being filed in tbe Treasury Department, tbe petitioner prays leave to file this prebminary petition under Rule 8, and asks that tbe motion for call upon tbe Treasury Department, filed herewith, be allowed, and thereafter be will file a precise petition setting forth tbe exact amount which be claims.”
At tbe same time be made application for a call on tbe Treasury Department for “ all accounts filed by tbe claimant while United States district attorney for tbe district of California,” etc. In reply voluminous documents were returned to *554 tbe court January 3,1890. On March. 20.1890, the claimant’s first amended petition was filed and contained the items set out in the third finding, all of which accrued more than six years before filing that amended petition, but not more than six years before filing the preliminary petition.
We are of opinion that the claimant saved his rights and stopped the running of the statute of limitations by filing his preliminary petition in accordance with the rule of court as to the item which accrued within six years before that date. The evidence, all documentary, was in possession of the defendants, and the petition designated the claims with sufficient definiteness to lay the foundation tor this action. Within a reasonable time after the call was answered by the Treasury Department, the claimant, as the rule permits, filed an amended petition which relates back to the date of filing the preliminary petition. The claims, except those in the first paragraph which accrued more than six years before filing the preliminary petition, set out in findings ii and m, must be allowed.
As to items of claim set out in finding iv, they may be grouped in three classes.
Numbers 4,5, 9,10, and 11 are cases which were tried by the claimant and the jury failed to agree. In these cases we are of opinion that the claimant is entitled to a docket fee of $20 in each case, under the first clause of Eevised Statutes, section 824, which allows an attorney “on a trial before a jury, in civil or criminal causes, or before referees, or on a final hearing in equity or admiralty, a docket fee of $20.” A conviction is not necessary to the allowance of this fee. The district attorney becomes entitled to it when he tries the case and submits the same to the jury. If a conviction follows the indictment and trial he may be allowed under the last clause of the same section, “in addition to the attorney’s fees herein provided, a counsel fee, in proportion to the importance and difficulty of the cause, not exceeding $30.” It is the additional counsel fee and not the docket fee that depends upon conviction.
Number 6 was a case tried by the claimant against several defendants, of whom one was acquitted and the case was not finally disposed of as to the others. For the reasons just stated we hold that the docket fee was earned and that the claimant is entitled to payment.
Numbers 1, 2, and 3 were cases in which more than one *555 indictment was found against tlie same person for charges -which might have been joined under the provisions of Eevised Statutes, section 1024. He has been paid one bill of cost' for each two cases which should have been joined and the following section of the Eevised Statutes prohibits his being paid any more:
u Sec. 980. When a district attorney prosecutes two or more indictments, suits, or proceedings which should be joined, he shall be paid but one bill of costs for all of them.”
Number 7 was a civil suit for tax on cigars which resulted in a verdict for defendant. This charge of $20, docket fee, can not be allowed. The statute makes the district attorney’s compensation for trying such a case dependent upon the amount of moneys collected or realized “in lieu of all costs and fees,” as appears by the following section of the Eevised Statutes:
“ Sec. 825. There shall be taxed and paid to every district attorney two per centum upon all moneys collected or realized in any suit or proceeding arising under the revenue laws and conducted by him, in which the United States is a party, which shall be in lieu of all costs and fees in such proceeding.”
Number 8 was a case of an application for the removal of a defendant to Arizona where he was under indictment, in which the claimant appeared and made an argument for granting the application, and the judge ordered the .surrender of the defendant. These proceedings took place under the provisions of the Eevised Statutes, section 1014, which enacts that they shall be “ at the expense of the United States.” If the district attorney appears in such case, the most that he is entitled to charge is an assimilated fee under Eevised Statutes, section 299, of $5 a day for each day of his necessary attendance allowed by Eevised Statutes, section 824. How many days he was in attendance does not appear, and one day only can therefore be allowed.
The next items of claim are set out in finding v, and the deductions by the accounting officers from claimant’s accounts amount to $9,950. In each of the cases therein charged for the claimant is entitled to an assimilated fee of $10, under the provisions of the Eevised Statutes, section 299, with reference to the taxable fees in similar cases under Eevised Statutes, section 824, where that fee is allowed in cases at law when judgment is rendered without a jury.
*556 Iii eight eases which were tried the judge made an allowance to the claimant of $2,000, and the same is charged in the accounts set out in the table.
The Attorney-General reduced the whole charge of $14,575 by $9,950, as, in his opinion, so much in excess of reasonable compensation for the services, and the accounting officers, following the action of the Attorney-General, made the same deduction. This they had no power to do as to the assimilated fees. The fees of the district attorney are fixed by statute and are not subject to reduction by other officers.
On the other hand, the judge had no power to make an allowance of more than the assimilated fees in the eight cases in which he allowed $2,000.
The claimant’s accounts must be corrected accordingly.
The sixth finding presents a case where the Attorney-General directed the district attorney to prosecute an equity suit on behalf of the United States in the United States Circuit Court. In such case it was the official duty of the district attorney to represent the interests of the United States in the suitj and for the performance of that duty the fee bill allows a fee of $20 and nothing more. That fee has been paid to the claimant. (Smith’s Case, 26 C. Cls. R., 568.)
This brings us to the counterclaims in the seventh finding.
There are three cases in which the judge before whom the cases were prosecuted by the claimant made certain allowances beyond the taxable costs. The Attorney-General reduced the same and the accounting officers approved the reduced sums or made still further reductions, and the claimant was paid the final reduced amounts. The accounts for these charges were all settled and paid separately in the years 1883, 1884, and 1885, and are in no way connected with the claims set up in this case.
On the part of the defendants it is contended that, as matter of law, the claimant had no right to the compensation allowed beyondcertain taxable fees and that thejudge, the Attorney-General, aud the accounting officers were all wrong in passing the accounts and in authorizing the payments, whereby the claimant is liable to repay the amount which he has received in excess of his legal fees.
That money paid in mistake of law as well as of fact may sometimes be recovered back in an action for money had and *557 received or on a plea of counterclaim by tbe United Stares is no doubt true (Ellsworth’s Case, 14 C. Cls. R., 394, 395, affirmed on appeal, 101 U. S. R., 170; McElrath’s Case, 12 C. Cls. R., 201, 312, affirmed on appeal, 102 U. S. R., 426).
Tbe action of assumpsit for money bad and received is said to be an “ equitable remedy that bes in favor of one person against another wben that other person has received money either from the plaintiff himself or third person, under such circumstances that in equity and good conscience he ought not to retain the same, and which, ex wguo et bono, belongs to the plaintiff.” (4 Waite’s Actions and Defenses, 469.)
In the present case the claimant performed actual services for which he considered himself entitled by law to compensation; a United States judge was of the same opinion, and made allowances accordingly; the Attorney-General of the United States conceded his right to compensation but reduced the allowances made by the judge, and the accounting officers passed the accounts with further deductions in some cases, and as finaby reduced they were paid.
In our opinion, when money is paid, after careful consideration of the law and facts by such high officials, and upon settlements made by the accounting officers, it can not be held that the district attorney received the money under such circumstances that in equity and good conscience he ought not to retain it, although it may appear that all those public officers were mistaken in their interpretation of the statutes and that he was not in law entitled to the compensation.
Attorney-General Cushing, in an opinion given to the Secretary of the Interior in 1854 upon the accounts of a coroner of the District of Columbia, settled and paid upon an erroneous construction of the law, thus advised in relation to the reopening of the same:
“ That construction was manifestly against law. I do not recommend that the coroner be cabed upon to refund the money he has received. The Government has voluntarily paid it in its own wrong, and, perhaps, ought to submit to the loss. 1 am accustomed to advise acquiescence in what is done as done. (6 Op., 568.)
“Accounts have sometimes been opened on the application of a party for the correction of a manifest error of law committed to his prejudice. But if one party insists upon having the accounts open to readjust them, in view of correcting er *558 rors committed to bis prejudice, it would be right and the duty of the accounting officers to correct at the same time any error committed to the prejudice of the other party. The effect of this will be that if the accounts are reopened at the instance of the coroner the readjustment must be complete and legal in all its parts, and he may be called upon to account for the money which he has received unlawfully heretofore by the mistake of the Government.” (6 Op., 576.)
It was on this latter ground that in the case of McElrath a judgment was rendered against him for money paid in mistake of law. He had been an officer of the Navy, and was dismissed by an Executive order which was subsequently revoked, and the revocation was held to be illegal. In the interval of some seven years between the two orders he had performed no service, and he claimed full pay as an officer de jure of about $12,000. The accounting officers, on some theory of the law, allowed him half pay, which he accepted under protest and brought suit for the difference. The court held that he was not an officer of the Navy during this time and should not have been paid as such. As he had himself reopened the settlement by bringing suit he had invited a full readjustment of the account and judgment was given against him on the counterclaim for what he had received. (McElrath's Case, 12 C. Cls. R., 201, 312; 102 U. S. R., 426.)
In other cases it has been held that where payments have been made upon settlements of the accounting officers for service actually rendered or for money actually paid, though not warranted by law, themoneycouldnotberecovered back if ithad been • received in good faith and the recipients acquiesced in the settlements and did not seek to reopen them. ' (Miller’s Case, 19 C. Cls. R., 354; Palen's Case, 19 C. Cls. R., 394; Hartson's Case, 21 C. Cls. R., 451.)
The claimant is not seeking to reopen his settlements. In his second amended petition, filed by leave of court, he omits the claims embraced in those accounts and thus acquiesces therein.
We hold that the settlements are equally binding upon the defendants, and that money paid thereon can not be recovered back on the plea of counterclaim.
Upon the whole case the judgment of the court is that the *559 counterclaims must be dismissed aud that claimant is entitled to recover on—
Finding IX (par. 2). $15
Finding III. 60
Finding IV.■-. 125
Finding V. 8,030
Total.8,230
For that sum judgment will be rendered for claimant unless the maximum of $6,000 fixed by Bevised Statutes, section 835, would be exceeded in any one year, in which case the judgment must be so much less. On that point no evidence has been presented, but as it is understood that the claimant’s emolument returns will show that to be the case, judgment will be suspended until the accounts can be adjusted at the Treasury in conformity with this opinion.