Bichaedson, Ch. J.,
delivered tbe opinion of tbe court:
■ On tbe previous trial tbe eourt was of opinion tbat tbe claimant was entitled to tbe sum of $8,230 unless be would thereby receive more than the maximum of $6,000 a year fixed by Eevised Statutes, section 835, which tbe court bad no means before it of determining. (27 C. Cls. R., 547.)
*238 Judgment was suspended until the accounts should be adjusted at the Treasury Department in .accordance with the opinion. Since then thé accounting officers have stated the accounts, which makes it necessary to add the following to the findings of fact:
YIIT. If the item for services set out in finding v are required by law to be included in the claimant’s emolument returns, there would be due him $594.60 thereof in order to make up his maximum allowed by law at the rate of $6,000 a year, as follows: .
For the fraction of year ending December 31, 1883, by. $288.43
For the year ending December 31, 1884...... 188.10
For the year ending December 31, 1885. 574.13
For the fraction of the year ending November 29, 1886, he has been overpaid. 456.06
594.60
If said items are not by law required to be included in his emolument returns, then there would be due him $8,230.
Those items are specified in the findings of fact as follows:
"Y. (1) The claimant appeared and resisted the proceedings in cases prosecuted in the proper court of the United States, wherein writs of habeas corpus had been issued on behalf of subjects of the Emperor of China to masters of certain vessels arriving at the port of San Francisco, by whom persons were detained under orders of the collector of said port, acting under color of the authority of the act of Congress of May 6,1882, Ch. 126 (1 Supp. to Rev. Stat., 2d ed., p. 342, and 22 Stat. L., 58), and act of July 5, 1884, Ch. 220 (1 Supp. to Rev. Stat., 2d ed., p. 458). Judgment was rendered without a jury in each case.
“ (2) For the services of claimant the judge, upon approving his accounts under the act of February 22, 1875 (1 Supp. to Rev. Stat., 2d ed.,p. 65), taxed and allowed him an assimilated fee of $10 in each case (except in-eight cases), in the following form, according to section 299 of the Eevised Statutes:
“ ‘I do further certify that the sum of $10 in each of said cases is a just and reasonable compensation and proper allowance to said S. G. Hilborn, esq., for the services performed therein; that the fee of $10 hereby allowed has been assimilated to such fee as is prescribed by section 824 of the Eevised Statutes for similar services in cases in which the United States is a party and .where judgment is rendered without a jury.’
“(3) The amount taxed and allowed by the court and the deductions by the Attorney-General and accounting officers appear in the following table:

*239

“ Of tbe cases in item 1 of tbe table in paragraph .3, four cases were tried and final judgments rendered during tbe period between February 19,1883, and October 15, 1883 ; 372 cases were tried and final judgments rendered during tbe period between October 16,1883, and March 19,1884; and the remaining five cases were tried and final judgments rendered during tbe period between March 20, 1884, and March 31, 1884. Eight cases (included in items 2 and 3 of said table) were test cases contested by tbe claimant, and tbe judge taxed and allowed him $2,000 for bis services in these cases.
“ Tbe Attorney-General reduced tbe amount of tbe whole account by tbe sum of $9,950, as, in bis opinion, so much in excess of reasonable compensation for tbe services ; tbe accounting officers adopted bis reduction and claimant was paid tbe balance only.”
On that finding tbe opinion of tbe court was stated :
" Tbe next items of claim are set out in finding v, and the deductions by tbe accounting officers from claimant’s accounts amount to $9,950. In each of tbe cases therein charged for tbe claimant is entitled to an assimilated fee of $10, under tbe provisions of the Revised Statutes, section 299, with reference to tbe taxable fees in similar cases under Revised Statutes, section 824, where that fee is allowed in cases at law when judgment is rendered without a jury.
" In eight cases which were tried as tests tbe judge made an allowance to tbe claimant of $2,000, and tbe saméis charged in tbe accounts set out in tbe table.
“ Tbe Attorney-General reduced tbe whole charge of $14,-575 by $9,950, as, in bis opinion, so much in excess of reasonable compensation for the services, and tbe accounting officers, following tbe action of tbe Attorney-General, made tbe same deduction. This they bad no power to do as to tbe assimilated fees. Tbe fees of tbe district attorney are fixed by statute and are not subject to reduction by other officers.
“ On tbe other band, tbe judge bad no power to make an *240 allowance of more than the assimilated fees in the eight cases in which he allowed $2,000.”
It is urged on the part of the claimant that—
“The only fees included by section 835 within the limitation of. $6,000 are those which the district attorney ‘is required to include in his emolument returns.’ Section 834 defines what these fees are. After excluding fees allowed by sections 825 and. 827 it directs the inclusion in the emolument returns of ‘ all other fees, charges, and emoluments to which a district attorney may be entitled, by reason of the discharge of the duties of his office as now or hereafter prescribed by law, or in any case in which the United States will be bound by the judgment rendered therein.
“If a fee is earned in a case falling within either of these two classes it must be included within the emolument returns; if not, it need not be included.”
The Eevised Statutes prescribe what shall be included in the emolument returns.
“ Sec. 833. Every district attorney ' * * * shall, on the first days of January and July in each year, or within thirty days thereafter, make to the Attorney-General, in such form as he may prescribe, a written return for the half year ending on said days, respectively, of all the fees and emoluments of jais office, of every name and character, and of all the necessary expenses of his office, including necessary clerk hire, together with the vouchers for the payment of the same for such last half year. He shall state separately in such returns the fees and emoluments received or payable under the bankrupt act. * * * Said returns shall be verified by the oath of the officer making them.
“ Sec. 834. The preceding section shall not apply to the fees and compensation allowed to district attorneys by sections eight hundred and twenty-five and eight hundred and twenty-seven.
“All other fees, charges, and emoluments to which a district attorney * * * may be entitled, by reason of the discharge of the duties of his office, as now or hereafter prescribed by law, or in any case in which the United States will be bound by the judgment rendered therein, whether prescribed by statute or allowed by a court, or any judge thereof, shall be included in the semiannual return required of said officers by the preceding section.”
The language of section 833, in terms, is broad enough to require in the return “emoluments of his office, of every name and character,” assimilated fees as well as fees directly prescribed by-law. Assimilated fees are emoluments of his office.
*241 The claimant’s attorney contends that section 833 is modified and limited by the next succeeding section, so as to withdraw from its provisions not only the fees and compensation allowed by Revised Statutes, sections 825 and 827, as set out in the first period, but also all fees and emoluments except those to which a district attorney may be entitled “by reason of the discharge of the duties of his office as now or hereafter prescribed by law” or “in which the United States will be bound by the judgment rendered therein, whether prescribed by statute or allowed by a court or any judge thereof.”
The first part of the second period of section 834 is just as broad and extensive in its requirements as to what shall be put into the emolument return as is section 833, and the last part only adds, apparently for abundance of caution, that certain specified fees shall be included. These last-named fees were covered by section 833 and the first part of section 834, and it was wholly unnecessary to more specifically mention them. Stating , them in that way does not change the more general provision of section-833 and the first part of section 834.
This view is strengthened by an examination of the acts from which the sections, as reproduced in the Revised Statutes, were drawn. (Act of 1853, ch. 85, sec. 3; 10 Stat. L., 165; act of 1863, ch. 76, secs. 11,12; 12 Stat. L., 741; act of 1864, ch. 163, sec. 2; 13 Stat. L., 196.)
Judgment will be entered in favor of the claimant for the sum of $594.60.