WINSTON v. UNITED STATES.

(Circuit Court, D. Washington, E. D. October 1, 1894.)

1. DISTRICT ATTORNEYS—COMPENSATION—WHEN FIXED BY STATUTE.
No fixed rate of compensation is provided by law for the services of district attorneys in cases involving the title to land occupied by the United States as a garrison and military post, cases on appeal to the circuit court of appeals against or by the United States, or against a collector to recover money exacted by him as a penalty under a statute of

the United States, or cases against Indian agents and military officers involving the right of the government to prevent the building of a railroad across the lands allotted to Indians.

2. SAME—ALLOWANCE BY ATTORNEY GENERAL—CONCLUSIVENESS.
   A district attorney cannot recover, on the basis of a quantum meruit, a sum in excess of the amount allowed by the attorney general, for services rendered, for which no fixed rate of compensation or fees is provided by law.

3. SAME — EARNINGS OF DISTRICT ATTORNEY — DETERMINATION BY TREASURY DEPARTMENT.
   The treasury department, in determining whether a district attorney has received earnings in excess of the maximum of personal compensation and emoluments allowed by law for a particular year, cannot include compensation for travel allowed by law on a mileage basis.

4. SAME—REFERENCE OF CLAIM TO COURT OF CLAIMS—EFFECT.
   Where a particular item of claims for services by a district attorney, for which the statute fixes no fees, has been allowed by the attorney general, and is part of a case by the district attorney against the government, a recovery for such item will not be denied on the ground that it has been referred to the court of claims by the comptroller of the treasury, under Rev. St. § 1063, and that he desires that court's decision on the questions involved for future guidance, especially where it does not appear that such claim has been regularly transmitted to such court.

5. SAME—SERVICES AFTER REMOVAL—EMPLOYMENT.
   Where a district attorney renders services after removal from office, pursuant to arrangements made before notice of his removal, and the attorney general allows him a certain sum, to pay which congress makes a special appropriation, recovery of such sum by the district attorney cannot be defeated on the ground that he was not lawfully authorized to act.

This was an action by Patrick Henry Winston against the United States to recover compensation alleged to be due him for services rendered defendant as United States district attorney.

Alexander M. Winston, for plaintiff.
William H. Brinker, U. S. Atty.

HANFORD, District Judge. The plaintiff held the office and performed the duties of United States district attorney for the district of Washington from the 19th day of February, 1890, to the 30th day of May, 1893; and he has brought this action against the United States, under the provisions of the act of March 3, 1887, entitled "An act to provide for the bringing of suits against the government of the United States" (1 Supp. Rev. St., 2d Ed., 559), to recover compensation for special services rendered by him under the direction of the attorney general, and for mileage in addition to payments made to him. His claim is itemized as follows: (1) For services as attorney for the defendants upon the trial in this court at the July term, 1890, held at Tacoma, of the case of the Catholic Bishop of Nesqually v. General John Gibbon et al., involving the title to the land occupied as a garrison and military post at Vancouver, in this state, $2,500 in addition to $2,500 paid to him for said services. (2) For services as attorney for the United States upon the hearing in the United States circuit court of appeals for the ninth circuit, at San Francisco, in April, 1892, of the case of the United States v. The Steam Tug Pilot, on appeal from the district court for this district, $287.21

in addition to $212.79 paid to him for said services. (3) For services as attorney for the defendant upon the hearing on appeal in the said United States circuit court of appeals in April, 1892, of the case of Dunsmuir v. Bradshaw, as collector of customs for the collection district of Puget Sound, which was an action to recover a sum of money which had been exacted by said collector as a penalty under a statute of the United States, $500. (4) For services as attorney for the United States upon the hearing in said United States court of appeals in April, 1892, of the case of the United States v. Gee Lee, appealed from the United States district court for this district, $250. (5) For services as attorney for the defendants in the superior court of the state of Washington for King county, and in this court at a term held at Seattle in March, April, May, and June, 1893, in two cases against Edwin Eells, as United States Indian agent, and certain officers of the United States army, involving questions as to the right of the government to prevent the building of a railroad across lands which had been allotted and patented to certain Indians pursuant to a treaty made by the United States with the Puyallup tribe (see Ross v. Eells, 56 Fed. 855), $1,500. (6) For actual and necessary traveling in going from his place of abode to the several places at which terms of the United States courts are held in this district, and returning, and in going to and returning from examinations before United States commissioners of persons accused of violations of laws of the United States, between January 1 and May 30, 1893, a balance of $1,379.84. (7) For fees and emoluments fixed by statute, earned between February 19 and December 31, 1890, a balance of $799.71. (8) For the year 1891, a balance of $810. (9) For the year 1892, a balance of $490.83.

That the plaintiff rendered the services charged for, as alleged by him, is not denied, and he has proved the value thereof as alleged. If the law authorized a recovery upon a quantum meruit, I should have no hesitancy is awarding to plaintiff the first five items claimed. I hold that the plaintiff's services in the several cases above enumerated were not of the kind for which a fixed rate of fees or compensation is provided by law. In protecting the interests of the government the attorney general often finds occasion to require the district attorneys to take charge of important litigation, and incur expenses in connection therewith, for which the law provides no compensation. It has been usual, however, for the treasury department to audit and pay accounts for such services and expenditures in amounts authorized by the attorney general, and since 1889 congress has recognized the practice by including in each of the annual appropriation bills for sundry civil expenses an item for such special compensation of district attorneys as may be fixed by the attorney general for services not covered by salary or fees. There is no other authority given by law for paying a district attorney for services to the government in his professional capacity, not covered by his salary or fees. The plaintiff is therefore precluded from recovering any sum in excess of the amount fixed by the attorney general as compensa-

tion for any particular service. No allowance can be made by the court upon the basis of a quantum meruit, as the law gives to the attorney general power to pass upon the question as to the value of the service, and his determination is final and conclusive upon the government as well as the claimant. U. S. v. Bashaw, 152 U. S. 436, 14 Sup. Ct. 638; U. S. v. Shields, 153 U. S. 88, 14 Sup. Ct. 735. On this ground, judgment must go against the plaintiff as to the first item, the sum allowed to him by the attorney general for his services in the Bishop of Nisqually Case, viz. $2,500, having been paid. The attorney general allowed in the Pilot Case $400, of which $212.79 has been paid, and the balance of $187.21 was credited and retained by the treasury department on account of excess of earnings above the maximum of personal compensation and emoluments which the law permitted the plaintiff to receive for the year in which the money was earned. The attorney general also allowed in the Gee Lee Case $250, and the same was credited and withheld upon the same account. From the uncontradicted evidence I find that the plaintiff's emoluments, as stated, included compensation for travel allowed by law on a mileage basis, amounting in each year of his incumbency to more than the several sums deducted from his earnings as excess. The opinion of the court of claims, by Chief Justice Richardson, in the case of Smith v. U. S., 26 Ct. Cl. 568, affirms that mileage "is a commutation or substitute for expenses estimated to be necessary for travel, and is fixed by law at ten cents a mile, which ordinarily, or on the average, it is supposed, will cover the actual amount required. It relieves public officers from the trouble of keeping itemized accounts of small disbursements, and avoids controversies between them and the accounting officers upon insignificant matters. The commutation for such expenses can no more be regarded as fees and emoluments than would be items of actual expenditures, if required to be included in the emolument return, which latter, we apprehend, nobody would claim to be either fees or emoluments." I concur in that opinion, and consider all the deductions from the plaintiff's earnings on account of excess above his lawful maximum to be erroneous. Therefore, my findings as to the two items for $187.21 and $250 will be for the plaintiff.

The attorney general fixed the amount of the plaintiff's compensation in the case of Dunsmuir v. Bradshaw at $310, and that sum has been neither paid nor credited to the plaintiff. I hold that he is entitled to recover the same in this action. In behalf of the government the court is urged to refuse to consider this item, on the ground that plaintiff's claim has been referred to the court of claims, under section 1063, Rev. St., and the comptroller of the treasury desires to have the decision of that court upon the questions raised by his objections, to guide him in passing upon other claims of a similar kind. This argument would have greater weight if the comptroller would accept the decisions of the court of claims which have not been reversed nor overruled by the supreme court, and follow their guidance in passing upon similar questions. I find, however, from the record in this case,

that in the matter of the mileage allowed by law to district attorneys the comptroller persists in construing the law according to his own ideas, which are at variance with the decision in the Smith Case, above referred to. It does not appear that this claim has been regularly transmitted to the court of claims by the secretary of the treasury or the head of any department; and, if it were, the item is part of a case of which this court has acquired jurisdiction, and I can find no warrant for sending the plaintiff to litigate one part of his case in another forum without his consent. For the services in the Puyallup Indians Cases the attorney general fixed the sum of $400 as compensation for work done while the plaintiff was in office, and $600 for continuation of his work under his special employment after his removal from office. Upon grounds already gone over in this opinion, I hold that the plaintiff is entitled to recover in this action the amount of $400 so allowed by the attorney general.

The other part of the allowance is objected to on the ground that the plaintiff was not lawfully authorized to represent his clients after his official connection with the government had been severed. The court did not permit pending proceedings to be interrupted by the wielding of the political axe, and the plaintiff earned the compensation allowed by the attorney general by remaining at his post, discharging his professional duty, under his special employment as attorney for the defendants. during the actual trial of the cases, pursuant to arrangements made previous to notice of his removal. Congress, at the last session, has made a special appropriation to pay this $600, and thereby removed all doubts as to the legality of allowing the same. The findings will be in favor of the plaintiff, on account of this item, for the full sum of $1,000, as allowed by the attorney general; but, as the $600 appropriated by congress for the purpose has been already paid, that much will be deducted from the amount of the judgment.

As to the sixth item, I find that the total earnings in 1893, including the $1,000 special compensation for the Puyallup Indians Cases, and mileage amounting to $1,629.60, is the sum of $5,164.60. The plaintiff is lawfully entitled to receive and retain the following: Maximum personal compensation in the way of fees and emoluments, $2,465.75; mileage, $1,629.60; commissions on proceeds of forfeited opium, $11.60; clerk hire, printing, and other incidental expenses, approved by the attorney general, $776.60; aggregating the sum of $4,883.55. He has been paid, including the $600 specially appropriated for his services in the Puyallup Indians Cases, $3,842.35, so that there is a balance yet due him on his account for 1893 of $1,041.20. I deduct from this the $400 awarded on account of the Puyallup Indians Cases and find in favor of the plaintiff upon the sixth item in the sum of $641.20.

The seventh, eighth, and ninth items may be disposed of in a bunch. Of moneys earned during the years 1890 and 1891, there was withheld, as excess of the maximum, the following: In 1890, $566.38; in 1891, $750. In each of said years there was an amount of mileage in excess of said sums carried into the emolument

account, without which there would have been no surplus of earnings above the maximum. I therefore find in favor of the plaintiff upon the seventh item in the sum of $566.38, and upon the eighth item in the sum of $750. I do not find that any part of the earnings for 1892 was withheld, except part of the special compensation for services in the Gee Lee and Pilot Cases, which amounts will be made up to the plaintiff by the award on account of the second and fourth items. I therefore find in favor of the government on the ninth item.