Peelle, J.,
delivered the opinion of the court:
This is an action by the district attorney of the United States for the eastern district of Arkansas to recover docket fees and mileage under Revised Statutes, sections 823 and 824, which apply to criminal as well as to civil causes, etc. (United States w. Hill, 120 U. S., 169, 177.)
There is no controversy about the claimant’s right to recover *310 under clause 10 of section 824 for tbe mileage found in items 3, 4, and 5 of finding 3, as they are ruled by the Smith Case (158 U. S., 346), wherein the judgment of this court was affirmed. (26 C. Cls. R., 568.)
The contest is over the claimant’s right to recover more than one docket fee in cases where two or more defendants were joined in the same indictment, one in each case being tried before a jury and convicted and a docket fee of $20 allowed and paid, while the other defendants, on a subsequent day, all entered pleas of guilty, and no docket fee was allowed.
Section 823, so far as applicable to this case, provides in substance that no other compensation than that provided for by section 824 shall be taxed and allowed to district attorneys, ‘‘except in cases otherwise expressly provided by law.” (The Baltimore, 8 Wall., 377.)
The provisions of section 824, under which the claimant has-been allowed a docket fee of $20, and under which he now seeks to recover additional docket fees, are as follows:
“On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars: Provided,’ That in cases of admiralty and maritime jurisdiction, where the libelant recovers less than fifty dollars, the docket fee of his proctor shall be but ten dollars.
“In cases at law, when judgment is rendered without a jury, ten dollars.”
The claimant contends that under the last clause there set forth he is entitled to a docket fee of $10 for each of the defendants so entering pleas of guilty, notwithstanding he was allowed and paid a docket fee of $20 in each of the cases under the first clause of the section; and this he contends on the theory, “That the docket fee is allowed for a specific service whether the service is rendered against each defendant-in a separate cause of action or against each defendant in one cause of action.”
In prosecutions for crime it is the duty of a district attorney,, in the interest of economy as well as for the dispatch of business, to canse defendants to be indicted jointly whenever it is jiracticable to do so; and if he prosecutes two or more indictments which should be joined, he is entitled to but one bill of costs, as provided by Revised Statutes, section 980.
For the same reason several charges growing out of the *311 same transaction or involving the same class of crimes or offenses against tbe same person, wbicb may properly be joined, “ the whole may be joined in one indictment in separate counts, and if two or more indictments are found in such cases the court may order them to be consolidated.” (R. S., sec. 1024.)
And when “ two or more indictments are found against any person only one writ or warrant shall be necessary to commit him for trial.” (R. S., sec. 1027.)
The claimant, acting in his official capacity, appears to have complied with the requirements of the statutes in causing the defendants to be jointly indicted.
It does not appear that a formal severance was asked for by any of the defendants or allowed by the court, so that in law and in fact the case stood before the court as one cause; and the Government’s contention is that when one or more of the defendants entered a plea of guilty on the same day, and on a subsequent day the remaining defendant in each case was tried before a jury and convicted, but one docket fee can be taxed.
In the first clause of the section it will be observed that in criminal causes the docket fee of $20 is based “on a trial before a jury,” while in the third clause, “in cases at law,” the docket fee of $10 is based on the rendition of a judgment “without a jury.”
It is under this latter clause that the claimant contends he is entitled to a docket fee of $10, as on the entry of a plea of guilty judgment would be rendered “without a jury.”
The words in the third clause, “in cases at law,” are used in contradistinction to cases in equity and admiralty, the docket fees in which are provided for in the first and second clauses and are therefore excluded from the third clause.
If the defendants had all been tried before a jury and convicted at the same time, it is clear that under the fee bill the district attorney would have been entitled to but one docket fee of $20, no matter how difficult or troublesome the cause.
But provision is made for important and difficult cases under the last paragraph of the section, which is:
“When an indictment for crime is tried before a jury and a conviction is had, the district attorney may be allowed, in addition to the attorney’s fees herein provided, a counsel fee, in *312 proportion, to the importance and difficulty of the cause, not exceeding $30.”
Here it will be observed that, in case of a trial and conviction by a jury, additional compensation by way of “counsel fee” is provided for to a district attorney “in proportion to the importance and difficulty of the cause, not exceeding thirty dollars,” in which case the allowance being a judicial act would not be a subject of revision by the Attorney-General or the accounting officers. (Waters v. United States, 21 C. Cls. R., 30; affirmed, 133 U. S., 208.)
The language of this paragraph implies a prohibition against the allowance of more than one docket fee “ on a trial before a jury,” as by it provision is made for additional compensation by way of a “counsel fee” depending on the “importance and difficulty of the cause.”
Where defendants jointly indicted all enter pleas of guilty on the same day, it. séerns clear to us that but one docket fee of $10 can be taxed, as but one judgment would need to be rendered in such case.
No provision is made for compensation additional to the docket fee of $10 in cases where defendants jointly indicted enter pleas of guilty on the same day. As to whether more than one docket fee of $10 could be taxed in cases where defendants jointly indicted enter pleas of guilty on different days we need not now decide.
To hold that a docket fee of $10 could be taxed for each of the defendants jointly indicted who enter pleas of guilty on the same day would in our opinion nullify the provisions of Revised Statutes, section 980, against the prosecution of two or more indictments in a suit which should be joined, as a district attorney would thereby receive as many docket fees in a cause where the defendants were joined as he would if they were indicted separately.
Statutes should be so construed, if practicable, that one section will explain and support and not defeat or destroy another section. (Bernier v. Bernier, 147 U. S., 242.)
And it is a familiar rule that where there are two consistent acts relating to the same subject, effect is to be given to both of them. (Chicago, etc., v. United States, 127 id., 406.)
In the case of Strafer v. Carr (6 F. R., 466), where a case was twice tried before a jury which each time disagreed and then at a subsequent term the case was dismissed by the plaintiff, *313 the court beld that an attorney’s fee of $5 only was taxable, on the theory that a trial before a jury implied a termination of ihe controversy by a verdict and judgment thereon.
In the ease of Van Hoorebeke v. United States (46 F. It., 456), a district attorney was allowed a docket fee of $20 for a jury trial where the jury disagreed, and this court held the same in the Hilborn Case (27 C. Cls. R., 547, 554).
In the case of Schmieder v. Barney (19 Blatch., 143; 7 F. R., 451), where in a case at law the first verdict was for the plaintiff and the two subsequent ones were for the defendant, the latter was held entitled to tax three docket fees in his favor on the theory that the docket fee was allowable for each trial before a jury terminated by a verdict. (23 F. R., 49.)
Again, where a case was tried resulting first in a disagreement of the jury and second in a verdict for the defendant, the court allowed but one docket fee. (Huntress v. Epsom, 15 F. R., 732.)
And if a jury trial be waived and the case be tried before the court the docket fee can not exceed $10. (Jones v. Schell, 8 Blatch., 79.)
But none of these authorities go to the precise question in this case, and so far as we are aware the question has never been passed upon by the Supreme Court. Nor are we advised as to what the practice in the Treasury Department has been in the adjustment of these accounts except as appears in this case.
In item 1, where two defendants were joined in the same indictment, one entering a plea of guilty November 3 and the other tried before a jury November 19,1890, and a docket fee of $20 allowed in the latter case, we think the claimant is also entitled to a docket fee of $10 on the plea of guilty by the other defendant, as a separate judgment would be entered in such case.
In item 2, where there were four defendants joined in the same indictment and three of them entered pleas of guilty November 3, and the other defendant was tried before a jury November 6,1890, and a docket fee of $20 allowed, we think one docket fee of $10 is also allowable, but no more, as but one judgment would be necessary on the entry of the pleas of guilty by the three defendants at the same time.
As to whether the judgment rendered herein will exceed the claimant’s maximum compensation as such district attorney is *314 a question still open in the Treasury Department for adjustment, as held in the case of The United States v. Harmon (147 U. S., 268, 282).
Judgment will therefore be entered in claimant’s favor for $104.40, in which is included only one docket fee of $10 in item 2, the others being disallowed for the reasons above stated.