**Richard TRICE, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 01–5026.**

United States Court of Appeals, Federal Circuit.

Aug. 30, 2001.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

### ORDER

The United States moves for summary affirmance. Richard Trice opposes and moves for a remand to the United States Court of Federal Claims.*

The Court of Federal Claims dismissed Trice's preliminary complaint for lack of jurisdiction. The trial court concluded that Trice's preliminary complaint, filed pursuant to the RCFC 27(a), "failed to even meet the basic threshold requirements of Rule 27(a) ." RCFC 27(a) provides, in pertinent part:

* Trice's motion for an extension of time to file his response to the motion for summary affirmance is granted and the response is accepted for filing.

When a plaintiff cannot state a case with the requisite particularity without an examination of documents or things or other information in the possession of the United States, and the plaintiff has been unable upon application to obtain a sufficient examination of such documents or things or other information, such plaintiff may file a complaint stating the plaintiff's claim in so far as is in the plaintiff's power. The complaint shall state specifically: (A) that it is filed under this rule; (B) the subject matter of a claim cognizable by this court, with as much particularity as plaintiff can provide; and (C) a description of the documents or things or other information required as definite as plaintiff can provide.

In dismissing, the trial court stated:

First, Rule 27(a) requires that a plaintiff assert his claims "with as much particularity as plaintiff can provide." The plaintiff has not met this burden. Plaintiff fails to provide this Court with enough information to determine whether he has a properly cognizable claim within the subject matter jurisdiction of this Court. Although the papers are virtually incomprehensible, it appears from the Preliminary Complaint that plaintiff is asserting breach of contract claims against the United States, as well as claims based on the Freedman Bureau Act of 1865, the Declaration of Independence, the Emancipation Proclamation, and the Bill of Rights. This Court does have jurisdiction over claims for monetary relief against the United States government, not sounding in tort, that are founded upon an express or implied contract with the United States, the Constitution, Acts of Congress, or regulations of an executive department. See 28 U.S.C. § 1491(a)(1). Unfortunately, plaintiff fails to provide the Court with any facts that would constitute a claim under any such contracts, the Constitution, Acts of Congress, or regulations of an executive department.

Indeed, the Preliminary Complaint is devoid of *any* facts relevant to the claims asserted. Even assuming that the plaintiff lacks certain documents from the United States, he must at least supply this Court with some relevant information regarding his claim. This absence of any specific factual allegations is especially problematic with regards to plaintiff's alleged contract claims. Plaintiff does not assert that he needs a copy of any contractual agreements with the United States in his Preliminary Motion for Discovery to Perfect Complaint, yet plaintiff fails to supply this Court with any details concerning the terms and conditions of the alleged agreement, or the nature of the breach by the United States.

Second, Rule 27(a) only is appropriate in situations in which the "plaintiff has been unable *upon application* to obtain a sufficient examination of such documents or things or other information." Rule 27(a) (emphasis added). In his Preliminary Motion for Discovery to Perfect Complaint, plaintiff claims that he needs copies of the Freedman Bureau Act of 1865, the Emancipation Proclamation, records of every lynching in the United States from 1880 to present, and the "New Inverness Petition of 1739." Plaintiff, however, makes no showing that he has sought to obtain any of these documents from the government or any other source. Indeed, most of these documents are publicly available documents. Plaintiff cannot use Rule 27(a) as a substitute for using due diligence in preparing his Preliminary Complaint.

Third, at least some of the documents that plaintiff claims he needs do not fall

within the rubric of "documents or things or other information *in the possession of the United States.*" Rule 27(a) (emphasis added). By the plaintiff's own admission, however, the records of every lynching in the United States from 1880 to present are in the possession of the University of Alabama, not the United States. Under the plain language of Rule 27(a), the plaintiff cannot base his filing of a Preliminary Complaint on the availability of documents possessed by third parties.

Rule 27(a) is derived from the original Rule of Practice of the Court of Claims. *See Rules of Practice of the Court of Claims,* 1 Ct. Cl. VII, IX (1863). It is intended to protect plaintiffs who cannot fully document their claims against the United States when such documentation is in the possession of the United States. *See, e.g., Samuel G. Hilborn v. United States,* 27 Ct.Cl. 547 (1892). It is not designed to permit a plaintiff to file an inadequate pleading that does not properly state his claims, where the documentation necessary to substantiate these claims is publicly and readily available, or where the United States is not the party responsible for withholding such information. The plaintiff's Preliminary Complaint in this case must be DISMISSED and the Motion for Discovery to Perfect Complaint is denied.

*Trice v. United States,* No. 00–588 (Fed.Cl. October 2, 2000) (order dismissing complaint) (footnotes omitted).

Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). We agree with the reasoning of the Court of Federal Claims in dismissing Trice's complaint. Thus, because no substantial question exists regarding the outcome of the appeal, the court summarily affirms the judgment of the Court of Federal Claims.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Trice's motion to remand is denied.

(3) Each side shall bear its own costs.