## UNITED STATES *v.* WATERS.

### APPEAL FROM THE COURT OF CLAIMS.

No. 95. Submitted November 11, 1889.—Decided January 27, 1890.

The amount of counsel-fee to be allowed to a district attorney, under Rev. Stat. § 824, for trial before a jury of a person indicted for crime, is discretionary with the court, within the limits of the statute; and the action of the court in this respect is not subject to review by the Attorney General, or by the accounting officers of the treasury.

The supervisory powers of the Attorney General over the accounts of district attorneys, marshals, clerks and other officers of the courts of the United States under Rev. Stat. § 368, are the same which were vested in the Secretary of the Interior before the creation of the Department of Justice.

The powers of an Auditor in the Treasury Department are limited to the examination and auditing of accounts, to the certification of balances, and to their transmission to the comptroller; and do not extend to the allowance or disallowance of the same.

A comptroller in the Treasury Department has no power to review, revise or alter items in accounts expressly allowed by statute, or items of expenditures or allowances made upon the judgment or discretion of officers charged by law with the duty of expending the money or making the allowances.

THIS was an action against the United States to recover an allowance to a district attorney by the trial court under Rev Stat. § 824, disallowed by the Attorney General and by the accounting officers of the Treasury. Judgment for claimant, from which the defendants appealed. The case is stated in the opinion.

*Mr. Attorney General* and *Mr. B. Wilson* for appellants.

*Mr. Charles C. Lancaster* for appellee.

Mr. Justice Lamar delivered the opinion of the court.

This is an action brought in the Court of Claims on the 18th of February, 1885, by a district attorney of the United States to recover a balance of $320, alleged to be due him for services performed under section 824 of the Revised Statutes, and withheld from him by the accounting officers of the Treasury Department, under instructions from the Attorney General.

The material facts in the case, as found by the court below, are substantially as follows: The claimant, Charles C. Waters, for six years immediately preceding the commencement of the action, had been United States district attorney for the Eastern District of Arkansas, and in his official capacity, during that period, had tried twenty-two indictments for crimes, before a jury, securing a conviction in each case. The District Court before which those causes were tried allowed him $30 counsel fee in each case, in addition to the fees otherwise provided for, in accordance, as is claimed, with the provisions of section 824 of the Revised Statutes. When his accounts were forwarded to the accounting officers of the Treasury Department they were submitted to the Attorney General for his supervision, Rev. Stat. § 368, who reduced the amounts, allowed claimant $10 in five, $15 in fourteen, and $20 in three of the cases — in all $320. The accounting officers of the Treasury Department followed the action of the Attorney General and passed the accounts as reduced.

The practice of reducing the allowances made to district attorneys for counsel fees first began about 1878, when Attorney General Devens issued the following circular:

"Department of Justice, Washington, ———, 1878,
"——— ———, Esq.,
" *United States Attorney, District of* ——— :

"Sir: Your attention is invited to the concluding clause of section 824 of the Revised Statutes of the United States, permitting an allowance not exceeding $30, in addition to the

other legal fees of the United States attorney, in proportion to the importance and difficulty of the cause, when a conviction is had before a jury on an indictment for crime. Whenever you have obtained the approval of the court to a special fee under this clause, you will forward with your account of the same to the First Auditor a brief statement of the points and circumstances in each case, which render it one of the importance and difficulty contemplated by the statutes. Your account, together with the statement, will be submitted by the First Auditor (in such cases as he deems necessary) to the Attorney General, in order to determine from the means afforded whether such special counsel fees should be allowed in the final settlement.

"Very respectfully,      CHARLES DEVENS,
                              "*Attorney General.*"

Previous to that time such allowances by the court were accepted without alteration. The claimant's whole counsel fees would not exceed the maximum of $6000 in any one year.

It is to recover this balance of $320 that the suit is brought. The Court of Claims, upon the foregoing facts, rendered judgment in favor of claimant for the amount in dispute. 21 C. Cl. 30. The assignment of errors is a general one, and is merely to the effect that the court below erred, upon the facts found, in its conclusion of law, that the appellee was entitled to recover from the United States the sum of $320.

The fees in question were allowed by the court under sections 823 and 824 of the Revised Statutes. Section 823 provides that "the following and no other compensation shall be taxed and allowed to attorneys, solicitors and proctors in the courts of the United States, to district attorneys, clerks, etc., . . . except in cases otherwise expressly provided for by law." Section 824, after limiting the fees to the district attorneys for their official services therein named, each at a specific amount, irrespective of the labor and responsibility involved, provides in its concluding clause that, "When an indictment for crime is tried before a jury and a conviction is

had, the district attorney may be allowed, in addition to the attorney's fees herein provided, a counsel fee, in proportion to the importance and difficulty of the cause, not exceeding thirty dollars."

The exact amount of the allowance, within the prescribed limit, thus authorized, is left discretionary; but the section does not, in so many words, designate the person or tribunal by whom that discretion shall be exercised. The contention of the United States is, that this discretionary power is vested in the Attorney General; and that the fixing of the amount of a special counsel fee, in the absence of express legislative provision, is not a judicial but an executive act, to be exercised by the Attorney General, as the chief of the department to which district attorneys belong. The view on which the court below rested its decision was, that this discretionary power pertains to the judicial functions of the court before which the cause was tried, and by which Congress manifestly intended that its importance and difficulty should be determined; and that, therefore, the allowance by the District Court of the fees in question was conclusive upon the Attorney General and the accounting officers of the Treasury Department.

It will be observed that none of the provisions of these sections have any reference whatever to the matter of rendering or revising accounts, or to the powers and duties of the Attorney General, or of the accounting officers of the Treasury Department, in relation to the accounts of district attorneys. They relate exclusively to the compensation or fees to be taxed and allowed those officers; and the concluding paragraph applies alone to the allowance of the additional fee to the district attorney, for services rendered within the court on the trial of a cause, all the steps and incidents of which, including the taxation of costs arising in the course of the proceedings, are within the knowledge and under the jurisdiction of the court. They, in express terms, require the district attorney's fees to be taxed, and no other tribunal can tax them, except the court having jurisdiction. In the case of *The Baltimore*, 8 Wall. 377, referring to the provision of the statute of February 26, 1853, 10 Stat. 161, part of the first section of which

was incorporated *in haec verba* into these two sections of the Revised Statutes, it was held that fees and costs allowed to attorneys, solicitors and proctors in admiralty cases were taxable as costs, as an incident to the trial and judgment. Say the court in that case, page 392:

"Fees and costs, allowed to the officers therein named, are now regulated by the act of the 26th of February, 1853, which provides in its first section, that in lieu of the compensation now allowed by law to attorneys, solicitors, proctors, district attorneys, clerks, marshals, witnesses, jurors, commissioners and printers, the following and no other compensation shall be allowed. Attorneys, solicitors and proctors may charge their clients reasonably for their services, in addition to the taxable costs, but nothing can be taxed as costs against the opposite party, as an incident to the judgment, for their services, except the costs and fees therein described and enumerated."

No distinction is made by the court or by the statutes between the fees prescribed in admiralty cases as an incident to the judgment and those so incident in other cases. All the costs and fees "therein described and enumerated" are put on the same footing, as taxable costs, incident to the judgment. The discretionary fee that "may be allowed" to a district attorney for securing a conviction in a case of indictment for a crime tried by a jury, is none the less an incident to the trial and judgment because its allowance is contingent upon a conviction. Both before and since the enactment of the statute of 1853, courts in the exercise of their discretion have allowed counsel fees in many cases without question when reviewed by this court. In *The Apollon*, 9 Wheat. 362, 379, and in *Canter* v. *The American and Ocean Insurance Companies*, 3 Pet. 307, 319, the allowance of counsel fees by the court below was affirmed by this court as a matter within the sound discretion of the court before whom the cause was tried; and those decisions were cited with approval in *Elastic Fabrics Co.* v. *Smith*, 100 U. S. 110, and *Paper Bag Cases*, 105 U. S. 766, 772. In *United States* v. *Ingersoll*, 1 Crabbe, 135, suit was brought by the United States against a United

States district attorney, for money had and received. He pleaded, as a set-off, among other items, $5083.20 for costs taxed and allowed in criminal cases, payment of which had been withheld by the Treasury Department. It was held that those costs (which were attorney's fees) constituted a fair and legal set-off; and the court laid down the principle, as concisely stated in the syllabus, that "the allowance of costs to a district attorney is altogether in the jurisdiction of the judge, and not within the power of the officers of the Treasury."

In harmony with those decisions, and in accordance with the practical construction placed by the courts, by the Attorney General himself, and by the accounting officers of the Treasury Department, upon the act of February 26, 1853, (now sections 823 and 824, Revised Statutes,) the judge before whom the case was tried always exercised the discretion of allowing an additional counsel fee to district attorneys, in the specified cases, without the revision of any executive officer, from the passage of that act until 1878.

But in 1878 the Attorney General, in the circular letter hereinbefore set forth, assumed the authority to change the uniform practice, and to revise and alter the allowances of those counsel fees made by the judge. In our opinion this attempted change was not warranted by law. In allowing the counsel fee to the district attorney the court acted in its judicial capacity, and such allowance, being a judicial act of a court of competent jurisdiction, was not subject to the re-examination and reversal of the Attorney General. *United States* v. *O'Grady*, 22 Wall. 641; *Butterworth* v. *Hoe*, 112 U. S. 50, 67; *Hayburn's Case*, 2 Dall. 409, 410, note *a*.

If the Attorney General has the right, upon information derived from a statement made to him by a district attorney as to the facts and circumstances of a trial in court, to reduce a fee allowed by the court, he may with equal right and propriety increase such fee should he determine that the judge had underestimated the importance and difficulty of the cause tried before him, and had undervalued the services of such district attorney.

It is contended that the power of the Attorney General to make the reduction in question is vested in him by. virtue of section 368 of the Revised Statutes, which provides as follows :

"The Attorney General shall exercise general supervisory powers over the accounts of district attorneys, marshals, clerks and other officers of the courts of. the United States."

The supervisory powers given in this section are precisely those which were exercised by the Secretary of the Interior before the Department of Justice was established, and which were transferred from the Secretary of the Interior to the Attorney General by the 15th section of the act of June 22, 1870, c. 150, 16 Stat. 164. That section provides that, " the supervisory powers now exercised by the Secretary of the Interior over the accounts of the district attorneys, marshals, clerks and other officers of the courts of the United States, shall be exercised by the Attorney General, who shall sign all requisitions for the advance or payment of moneys out of the treasury, on estimates or accounts, subject to the same control now exercised on like estimates or accounts by the first auditor or first comptroller of the treasury."

It was never claimed by the Secretary of the Interior, nor considered by the officers of the Treasury Department, that those supervisory powers over accounts gave him any authority to make an allowance of fees under section 824 of the Revised Statutes, or to review and reverse a judicial order allowing such fees.

A close examination of the statutes by which these supervisory powers are defined shows, as well stated in the opinion of the court below, that they extend to seeing that the accounts are in due form, in accordance with the law and regulations; that all receipts are properly credited; that all items of payments and allowances are authorized by law; that nothing is retained beyond the maximum fixed by the statute; and that in every respect the law relating to the same has been fully complied with; and does not include the power of reviewing the discretion of a judge in making allowances, or of altering his orders, and decrees therein.

We are unable to perceive the pertinence and force of the

argument drawn from the authority of the Attorney General, as chief of the Department of Justice exercising the power of superintendence and direction over the district attorneys as subordinate officers belonging to that department. This authority is purely of an executive character, analogous to that of all the other chiefs of their respective departments. The superintendence and direction which he exercis s, however comprehensive and minute it may be, over the duties of those officers which are purely administrative and executive, cannot by any stretch of construction be made to extend over the proceedings, the judgments, or the orders of the courts under whose jurisdiction the district attorneys, under the law, are required to perform their duties.

With regard to the supervisory power of the accounting officers of the Treasury Department in this connection, it is to be observed that, according to the record in the present case, those officers simply "followed the action of the Attorney General," which, as we have already seen, was unauthorized by law. The counsel for the United States, while insisting that the discretion in question is vested in the Attorney General, concedes in his brief that it was not meant to be given to the accounting officers. In this connection he says:

"The accounting officers of the Treasury could never have been given this discretion in fixing an additional allowance, for, from the nature of the case, they know nothing about the difficulty and importance of the work done by a district attorney, and because fixing compensation for services is foreign to their ordinary business. The discretion is of a kind they never exercise, and, moreover, when exercised by another, they cannot alter or amend what is done."

Further discussion of this point is not necessary. The powers and duties of the accounting officers are well described by the court below in the following language, with which we agree:

"Those powers and duties are well understood. The auditor merely examines and audits accounts, neither allowing nor disallowing the same, certifies balances and transmits the same to the comptroller for his decision thereon. The comptroller decides whether or not the items are authorized by statute,

and are legally chargeable. He has no power to review, revise and alter items expressly allowed by statute, nor items of expenditures or allowances made upon the judgment and discretion of other officers charged with the duty of expending the money or of making the allowances. His duty extends no further than to see that the officers charged with that duty have authorized the expenditures or have made the allowances." 21 C. Cl.; 37, 38.

For the foregoing reasons, the judgment of the Court of Claims is

*Affirmed.*