## Van Hoorebeke *v.* United States.

*(District Court, S. D. Illinois. January Term, 1891.)*

1. **District Attorneys—Counsel Fees.**
   Under Rev. St. U. S. § 824, which provides that "when an indictment for crime is tried before a jury, and a conviction is had, the district attorney may be allowed a counsel fee in proportion to the importance and difficulty of the case, not exceeding $30," the accounting officers of the treasury department have no power to reduce or disallow such counsel fees when they have been allowed by the district court in which the trials were had.

2. **Same—Jury Trial.**
   Under Rev. St. U. S. § 824, cl. 1, which allows a district attorney in a trial before a jury a fee of $20, the fact that the jury disagreed does not deprive the district attorney of his right to such fee.

3. **Same—Mileage.**
   Where a district attorney goes from a place where he is engaged at the district court to a place whither he is officially called to appear before a commissioner, he

is entitled to mileage for the distance so traveled, where such distance is less than that from his home to the place where the commissioner sits.

**4. SAME—ATTACHMENT FOR CONTEMPT.**

An attachment for contempt, in which a district attorney properly and necessarily appears for the government, is an independent suit, in which he is entitled to his statutory fees.

**5. SAME—PRESENTATION TO TREASURY DEPARTMENT.**

The act of congress, which requires the accounts of district attorneys to be forwarded "when approved" to the proper accounting officers of the treasury department, does not make presentation to such officers a condition precedent to an action against the government on such an account. Following *Erwin* v. *U. S.*, 37 Fed. Rep. 470.

At Law.

*G. Van Hoorebeke, in pro. per.*

*James A. Connolly,* for the United States.

ALLEN, J.   The petitioner, late United States district attorney for this district, files his petition in this case against the government under the act of congress of March 3, 1887, to recover in the aggregate $548.75. This sum is made up from various items for services performed by him during his term as district attorney, and for money paid by him for telegrams in connection with his official duties, and for money for freight and charges paid, laid out, and expended upon goods, wares, and merchandise shipped to the several places of holding courts in the district. These accounts, it seems, were all satisfactorily proved in open court, and were, except one class, afterwards presented to the accounting officers of the treasury department, where the disallowances occurred.

The first question, according to the order in which the account is made out, arises upon items 48, 61, and 67, fol. 6; 66, 87, and 111, fol. 7; 55, 65, and 67, fol. 8; 170, fol. 9; and 26, fol. 10. These 10 items present the same question, under the following clause of section 824 of the Revised Statutes of the United States:

"When an indictment for crime is tried before a jury, and a conviction is had, the district attorney may be allowed, in addition to the attorney's fees herein provided, a counsel fee in proportion to the importance and difficulty of the cause, not exceeding thirty dollars."

The district court, upon proper proof, and with a personal knowledge of the importance and difficulty of the cases, allowed a counsel fee of $30 in each.   The accounting officers of the treasury department arbitrarily cut down the allowance to $15 in each case.   Upon what ground this action was taken no plausible theory has been advanced.   It certainly would not be safe to admit that these officers have the supervisory power to reduce a fee allowed by the court, for this would include the power to increase such fee, in the absence in either case of any knowledge of the circumstances under which the court acted in making the allowance.   The powers and duties of the accounting officers do not go to this extent.   These items will be allowed on the authority of *U. S.* v. *Waters,* 133 U. S. 208, 10 Sup. Ct. Rep. 249.

Items 24 and 26, fol. 10, belong to the class already considered, only differing as to their facts in the suspension by the accounting officers in

this instance of the entire counsel fee allowed by the court, $30 in each case, while in the cases of the items first mentioned there was simply a reduction in each instance of $15. Items 24 and 26, fol. 10, will therefore be allowed.

No reason is apparent for the disallowance of items 14 and 110, fol. 9; 28, fol. 11; and 63, fol. 14. Judgments in favor of the government were regularly entered in these cases upon pleas of guilty, and it is understood to have been the uniform practice of the accounting officers heretofore to allow them. They will be allowed.

Items 90 and 144, fol. 10; 20, fol. 12; and 63, fol. 14,—the petitioner seems clearly entitled to under the first clause of section 824 of the Revised Statutes. Under this statute, the district attorney, in a trial before a jury, is entitled to a fee of $20. The disallowance of these items by the accounting officers rests on the fact that there were no verdicts in the cases, the jury in each case having been discharged by the court after all reasonable effort to make a verdict had been exhausted. The failure of the juries to make verdicts had nothing to do with the labor of the district attorney in the preparation and trial of the cases, and he is as clearly entitled to a fee, where a disagreement of the jury occurs, as where a verdict is promptly returned into court. The items will be allowed.

Items 23 and 25, fol. 10, will be allowed. They were allowances for services rendered in cases tried by juries where there were verdicts of guilty. The statute before quoted is explicit in fixing the fee of the district attorney in such cases at $20, and no reason has been suggested or explanation offered to justify the action of the accounting officers in suspending the claims.

Items 8½, 10, and 18, fol. 13; 5, fol. 14; and 39, fol. 15,—are for mileage traveled by the petitioner while he was district attorney from the place of his abode to Cairo, a place of holding court in the district, and to the places of examination before commissioners of persons charged with crime. The ninth clause of section 824 of the Revised Statutes fixes the compensation for such services at "ten cents a mile for going and ten cents a mile for returning." The proof in support of these items was full, and not controverted. The only suggestion offered against the allowance of any of them applied to one or two of the items where the petitioner, while acting as district attorney, and being engaged at a district court in session at Cairo or Springfield, charged from these points to the places where he was officially called to appear before commissioners, and not from the place of his abode, Carlyle. In these instances, however, the distance was shorter, and, of course, the mileage less, than had he charged from his home. The proof showed that, on being notified, he went directly from Cairo or Springfield to the place of examination. If, in such cases, the distance to the point of examination had been greater than from the place of his abode, the objection to the allowance of the items might be well founded; but, where there was a saving to the government by the course pursued, it should not be heard in complaint. The items will be allowed.

The accounting officers also rejected, it seems, items 33, fol. 12, and 31, fol. 14. Upon what ground this ruling was made it is difficult to understand. The cases were attachments for contempt. They were new and independent suits, in which the petitioner properly and necessarily appeared for the government. In *Hayes* v. *Fischer*, 102 U. S. 121, Chief Justice WAITE, delivering the opinion of the court, said:

"If the proceeding below, being for contempt, was independent of and separate from the original suit, it cannot be re-examined either by writ of error or appeal. This was decided more than 50 years ago in *Ex parte Kearney*, 7 Wheat. 38, and the rule then established was followed as late as *New Orleans* v. *Steam-Ship Co.*, 20 Wall. 387."

To the same effect is *Goodrich* v. *U. S.*, 42 Fed. Rep. 392–395. These items will be allowed.

Item 46, fol. 11, is also allowed. It is clearly covered by section 824.

Item 9, fol. 14, must be allowed. There was a trial by the court, a jury being expressly waived, and judgment in a case at law where the United States was a party. The second clause of the act of congress, providing for the "fees of attorneys, solicitors, and proctors," gives a fee of $10 in such cases.

The petitioner files with his petition a long, detailed, itemized account, including every item, however small, on which he asks for judgment. This account includes items for money paid out by him for telegrams on government business relating to his official action, and for money paid for express packages in connection with the performance of his official duties. On the trial these various charges, found on folios 17 to 22, inclusive, were fully proven; but the present district attorney interposed the objection to their allowance by this court that they had not been, previous to commencement of this suit, forwarded by petitioner to the proper accounting officers of the treasury department, under the act of congress of February 22, 1875. I was inclined at the time to think the objection well taken, but, on examination, have yielded to the rulings in *Ravesies* v. *U. S.*, 21 Ct. Cl. 243, and *Erwin* v. *U. S.*, 37 Fed. Rep. 470, where the doctrine is upheld that the act of congress requiring that the accounts of district attorneys, marshals, clerks, etc., shall be forwarded, "when approved," to the proper accounting officers of the treasury, does not make presentation to the accounting officers a condition precedent to an action. On the authority of these cases, the items are allowed. The petitioner having sustained the items of the bill of particulars by satisfactory proof, I am of opinion that a fair construction of the statute entitles him to judgment against the United States for $548.75. and costs.