## BIRD v. UNITED STATES.

*(District Court, D. Maine. January 22, 1891.)*

1. DISTRICT ATTORNEY—FEES.
Counsel fees allowed to a United States district attorney by the court cannot be reduced by the attorney general.

2. SAME.
A district attorney is not entitled to fees for obtaining warrants for the removal of prisoners arrested in one district and triable in another.

3. SAME.
But he is entitled to a *per diem* for attendance before a commissioner to examine poor convicts applying for discharge, and for attendance before a commissioner on days when recognizances are taken, though no witnesses are examined.

At Law.

*George E. Bird,* pro se.

*Isaac W. Dyer,* U. S. Atty.

WEBB, J. This is a suit for the amount of sundry fees for official services as United States attorney.

1 and 2. The judge who presided at various trials on indictments which resulted in verdicts of conviction allowed certain counsel fees to the petitioner under section 824 of the Revised Statutes. The attorney general cut off from the counsel fees approved by the court in all $80.

3. This item is for preparing and presenting papers to procure warrants for the removal from this district to the district where they were triable of accused persons found and arrested here. For these services in each case an allowance of $10 is demanded.

4. A *per diem* fee for each of seven days for attendance before United States commissioners in cases of persons charged with violations of law, at $5 per day, $35, disallowed by the accounting officers upon the theory that business transacted before the commissioners on days when no witnesses were examined does not warrant the charge of a *per diem* fee.

5. Attendance on 33 separate days before commissioners, to examine poor convicts applying for discharge under section 1042 of the Revised Statutes. This item was amended before the hearing by striking out from the petition the charges of April 6, 1888, for examination of Vead Libby; that of May 28th, in the case of Mary C. Purcell; and that of May 29th, in case of Sarah T. Conner, leaving charges in 30 cases, at $5 per day in each, $150. These charges were disallowed, because it was held by the accounting officers that no fee is provided for such services.

6. The petition was further amended by striking out the whole of this item, consisting of attorney's fees of $10 in *U. S., Pltff.,* v. *Hannah F. Freeman,* and of $5 in *Same* v. *Albion Drake et als.*

### FACTS FOUND.

I find that the attorney performed all the services specified in this petition; that the disallowances stated were made by the accounting officers upon examination of his accounts, forwarded after due presentation,

verification, and approval in open court; that counsel fees were allowed by the court, and were reduced, as set forth; that in the cases before commissioners, on the days for which *per diem* fees were disallowed no witnesses were examined, but prisoners were brought in by the marshal, the officer's returns upon the precepts were examined, the prisoners were arraigned and pleaded; sometimes upon the motion of the government, and sometimes on that of the respondent, supported by reasons found by the commissioner sufficient, the hearing was adjourned to a later day, and the party recognized or was committed for appearance at the appointed time.    In no instance was such adjournment had with any purpose of increasing fees or multiplying days' attendance.

### CONCLUSIONS OF LAW.

The power to allow counsel fees resides in the court, and allowances made are not subject to reduction by any other officer.    *U. S.* v. *Waters,* 133 U. S. 208, 10 Sup. Ct. Rep. 219.    For services in obtaining warrants for the removal of prisoners from this to another district, nothing can be allowed.    If it was a part of the attorney's official duty, without special instruction from the department of justice, to attend to this business, it must be regarded as "enjoined on him by the law of his office," for which he must "take as compensation what the law gives him;" one of the many general and undefined duties for which he is paid the generous salary of $200.    *Stanton* v. *U. S.,* 37 Fed. Rep. 254–257.    The fees for attendance before commissioners on the days when recognizance was taken and hearing was continued are properly charged, and the petitioner is entitled to payment of the same, and the same is my conclusion in respect to the attendance for examination of poor convicts applying for discharge.    *U. S.* v. *Jones,* 134 U. S. 483, 10 Sup. Ct. Rep. 615; *Stanton* v. *U. S.,* 37 Fed. Rep. 259.

Let judgment be entered for the petitioner for $265.