## WEED v. UNITED STATES.

### (District Court, D. Montana. November 19, 1894.)

1. UNITED STATES ATTORNEYS—FEES—DOUBLE COMPENSATION.

   The provisions of 26 Stat. 947; 27 Stat. 223, 714; Rev. St. § 837; and Supp. Rev. St. p. 767, § 16,—that United States district attorneys for Montana shall, for services, receive double fees, applies not only to the regular fee of $20 allowed by Rev. St. § 824, in a criminal case, but to the counsel fee, not exceeding $30, which it provides they may be allowed, in addition to the regular fee, when a conviction is had in a criminal case before a jury.

2. SAME—EXTRA SERVICES—EXAMINING TITLES.

   A United States district attorney is entitled to extra compensation for examining the title to public property and making an abstract thereof, though not for giving an opinion on the title; this being part of his duty, under Rev. St. § 355, requiring him to furnish to the attorney general assistance or information in relation to the title to public property within his district.

3. SAME—ACTION FOR FEES—PETITION.

   The petition of a United States district attorney in an action for fees need not state how or when the account claimed was presented to the proper accounting officer.

4. GENERAL DEMURRER—PLEADING NOT WHOLLY BAD.

   A demurrer to a petition on the ground that it, in either or all of its paragraphs, does not state facts constituting a cause of action, will be overruled if, in any part of the petition, facts are stated showing a cause of action.

Action by Elbert D. Weed against the United States for services rendered as United States attorney for the district of Montana. Heard on demurrer to the petition.

Elbert D. Weed, in pro. per.
P. H. Leslie, U. S. Atty.

KNOWLES, District Judge. Petitioner, between the 21st day of February, 1890, and the 21st day of February, 1894, was a United States district attorney for the district of Montana. He brings this action against the United States to recover certain fees claimed to be due him as said attorney under and by virtue of certain laws of congress, and also to recover certain charges made by him for examining the titles to certain lands, and preparing a report concerning the same, and giving a written opinion thereon to the attorney general of the United States. The whole amount for which petitioner asks judgment is $980.

The first claims he presents are for the fee of $40 each in the cases of the United States against Fred Partello and the United States against Julia D. Barnum. In both cases, indictments were found, and trials before a jury were had.

The first clause of section 824, Rev. St., providing fees for district attorneys, etc., is as follows:

"On a trial before a jury, in civil or criminal causes or before a referee, or on a final hearing in equity or admiralty and maritime jurisdiction a docket fee of twenty dollars."

The balance of that clause has no bearing upon the question at issue.

In the appropriation act approved March 3, 1891, making appropriations for legislative, executive, and judicial expenses of the government for the fiscal year ending June 30, 1892, it is provided:

"That the marshals, district attorneys and clerks of the circuit and district courts of the districts of Washington, Montana, and North Dakota shall for the services they may perform during the fiscal year herein provided for receive the fees and compensation allowed by law to like officers performing similar duties in the districts of Oregon and Idaho."

See 26 Stat. 947.

As I shall have to refer to this matter in discussing another point in this case, I will refer to the fact that in 1892 and 1893 a similar statute was enacted. See 27 Stat. 223, 714.

Section 837, Rev. St., provides:

"The district attorneys and marshals for the districts of Oregon and Nevada shall be entitled to receive for like services double the fees herein provided, but neither of them shall be allowed to retain of such fees any sum exceeding the aggregate compensation of such officer as herein provided."

In Supp. Rev. St. p. 767, § 16, I find that the fees allowed by law to the marshal, district attorney, and clerks of the federal courts in the state of Idaho are the same as those allowed in the district of Oregon. In this case, petitioner alleges that he acted as a district attorney in the trial of the above-named defendants, and that they were tried before a jury upon an indictment. I cannot see, from anything presented in the petition, why he should not be allowed double the ordinary fee in such cases, which would be $40. If there was any reason for disallowing this charge, it has not as yet been presented to the court.

The next point presented arises out of this state of facts: Petitioner was allowed by the court, it is alleged in the petition, upon his application, $60 each in certain cases named in the petition, as an additional counsel fee. The cases, it is alleged, were criminal, and tried before a jury in the circuit court, and convictions obtained. The proper accounting officers of the government allowed $30 of the $60 in each one of the cases, but refused to allow the full $60 charged. Petitioner asks for a judgment for the $30 disallowed. The cases were against Bernard Leopold, Adolph Barnaby, James T. Collins, Alfred A. Haslar, and James McGrath. The disallowed fees amount, under this head, to $150.

The last clause of section 824, Rev. St., provides:

"When an indictment for crime is tried before a jury and a conviction is had the district attorney may be allowed in addition to the attorney's fee herein provided a counsel fee in proportion to the importance and difficulty of the cause, not exceeding thirty dollars."

It will be observed that the term used is, "a counsel fee." In the case of U. S. v. Waters, 133 U. S. 208, 10 Sup. Ct. 249, this allowance is termed "a counsel fee," "a fee," and "an additional fee." This fee, it will be observed by this case, is to be fixed and determined, as a judicial act, by the court. Now, when this fee is fixed by the court, the law above referred to steps in and doubles it. To hold otherwise would be to hold that this allowance cannot be classed as a fee, and hence does not come within the purview of the statutes

doubling fees of certain federal officers in specified localities, which have been cited above. There is no reason that I can see for doubling the other fees of a district attorney that does not apply to this fee. The truth is that the fees allowed an attorney who appears for the United States in criminal cases are so much less than is charged and paid in the sections named to attorneys for defending criminals that the courts feel that they should be liberal in awarding the allowances of a counsel fee in case of conviction. The government of the United States, in the administration of its criminal laws, ought to command the services of the most industrious, talented, and learned members of the bar. Without awarding a proper compensation, it will fail in securing such aid, and inadequately perform this governmental function. I see no reason for holding that the charges specified above are not proper, and in my judgment they should be allowed.

The next point presented is as to the charges made for examining the titles to certain lands, in preparing a report upon the same, together with an opinion thereon, accompanied by a complete abstract of the same. The petitioner was a United States district attorney. Section 823, Rev. St., provides:

"The following and no other compensation shall be taxed and allowed to attorneys, solicitors and proctors in the courts of the United States to district attorneys * * * except in cases otherwise expressly provided by law."

Section 355, Rev. St., provides that:

"The district attorneys of the United States upon the application of the attorney general shall furnish any assistance or information in their power in relation to the titles to the public property lying within their respective districts."

It would seem from the balance of this section that this public property referred to lands such as would be required for arsenals, forts, etc.

On page 18, § 3, Supp. Rev. St., it is provided:

"That no civil officer of the government shall hereafter receive any compensation or perquisites directly or indirectly from the treasury or property of the United States beyond his salary or compensation allowed by law; provided that this shall not be construed to prevent the employment by the department of justice of district attorneys as now allowed by law for the performance of services not covered by their salaries or fees."

Section 770, Rev. St., provides:

"For extra services the district attorney for the district of California is entitled to receive a salary at the rate of five hundred dollars a year, and the district attorneys for all other districts at the rate of two hundred dollars a year."

It is nowhere decided what is meant by "extra services." In an opinion delivered by C. H. Hill, assistant attorney general, which opinion was approved by the Honorable B. H. Bristow, solicitor general, it was held that the examination of titles was no part of the official duties of a district attorney,—in fact, that such employment was not such as necessarily pertained to the legal profession; that persons who are not attorneys at law often performed such services. In this opinion, that of Atty. Gen. Speed (11 Op. Attys. Gen. 433) *is*

cited, wherein it was held that a district attorney was entitled to compensation for examining the titles to land purchased for the government. This opinion of Atty. Gen. Speed was approved in an opinion of Mr. Browning. 12 Op. Atty. Gen. 416. These opinions undoubtedly take the view that the duties of examining title to land, and making an abstract of the same, are services of a different character from those which pertain to the office of district attorney by law or usage; and hence, according to Converse v. U. S., 21 How. 463, the district attorney would be entitled to charge therefor.

There is one item that enters into the charge that, it would appear to me, did pertain to his duties as an attorney, and that is giving an opinion upon the titles to the land which he examined and made abstracts of. The opinion as to the validity of title to land is a professional one, which pertains to that of an attorney and counselor at law, and, I think, must be classed as extra services. I think they are services which pertain to the office of district attorney, under and by virtue of section 355, Rev. St. As the allegations stand, I am unable to state what part of the charges of $500 and what part of the $250 was made for the opinion as to the title to the land in question. This question may arise on the trial.

This case came before the court upon a demurrer to the petition. The first ground thereof was that the petition, in either or all of the paragraphs therein, does not state facts sufficient to constitute a cause of action. If, in any part of the petition, facts are stated showing a cause of action, the demurrer upon this ground would have to be overruled. The second ground is that it is not stated how, or in what way or manner, or when, the claims were duly presented to the accounting officers of the government, or to what particular accounting officer. The third ground is that it is not alleged that said claims, or either of them, are made out in accordance with or in pursuance to the forms and rules adopted by the department of justice of the United States, to be made out before presented, as required by law, nor does the same show that said claims were reported and presented with plaintiff's verification thereof, and a certificate of the clerk showing that they had been presented in open court and allowed by the court. It was not necessary to state how or when the account claimed was presented to proper accounting officers. In regard to some of the claims, it is stated they were allowed by the court, and duly presented to the said accounting officers and disallowed. Considering the general character of the demurrer, I think it should be overruled as to all the counts charged in the petition.