**DANIEL F. YOUNG, Inc., v. UNITED STATES et al.**

**No. A—226a.**

District Court, D. New Jersey.

Feb. 16, 1944.

Lindabury, Steelman, Zink & Lafferty, of Newark, N. J., for the Fund.

B. Thorn Lord, U. S. Atty., of Newark, N. J., for the United States and the United States Maritime Commission.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J., for libellant.

SMITH, District Judge.

This is a suit in admiralty under the Act of June 6, 1941, c. 174, 55 Stat. 242, 50 U.S.C.A. Appendix § 1271. The exceptions and the defenses to the libel having been stricken on the motion of the libellant, the suit was referred to a Commissioner to ascertain the damages and report thereon to the Court. The matter is before the Court at this time on the motion of the libellant to confirm the report of the Commissioner duly filed herein on September 30, 1943, and for the entry of a decree in conformity therewith. There are three questions presented for determination by the Court, each of which we shall separately consider.

### Allowance of Attorneys' Fees

The Commissioner, after hearing, having determined that the libellant had incurred an expense of $500 for attorney's fees, so reported, and recommended their allowance. It is our opinion that under the contract upon which the suit is based this expense is not properly chargeable against either the respondents or the fund. The libellant may have required the services and the advice of an attorney, but there is nothing in the contract which will justify a charge of this expense against the respondents. It follows that this item may not be allowed as an element of damage.

### Interest

The Commissioner found and reported that there was due and owing to the libellant under the contract the sum of $12,367.03. This amount included the said charge of $500 for the attorneys' fees. The libellant here asserts a claim for interest on the said sum at the rate of four percent per annum. The exaction of interest under the facts and circumstances of the instant suit would be inequitable, and we are, therefore, not inclined to allow it. The breach of contract was occasioned not by the willful default of the respondents but by the seizure of the vessel by the United States Maritime Commission. The allowance of interest under these circumstances would be an injustice. See The Wright, 2 Cir., 109 F.2d 699, 702; The Stjernborg, 9 Cir., 106 F.2d 896, 898. It is probable that the present suit would not have been necessary except for the said seizure.

### Counsel Fees

The proctors for the libellant, the successful litigant, make application for the allowance of counsel fees and suggest that the fees be taxed as costs against the respondents. It seems to be clearly established that such fees are neither allowable nor taxable as costs. 28 U.S.C.A. § 571; The Baltimore, 75 U.S. 377, 8 Wall. 377, 19 L.Ed. 463. In the cited case the Supreme Court, construing the earlier statute, said, at page 392 of 75 U.S., at page 392 of 8 Wall., 19 L.Ed. 463: "Attorneys, solicitors, and proctors may charge their clients reasonably for their services, in addition to the taxable costs, but nothing can be taxed as cost against the opposite party, as an incident to the judgment, for their services, except the costs and fees therein described and enumerated." Cf. Oelrichs v. Spain, 82 U.S. 211, 230, 231, 15 Wall. 211, 230, 231, 21 L.Ed. 43; United States v. Waters, 133 U.S. 208, 212, 10 S.Ct. 249, 33 L.Ed. 594; Tullock v. Mulvane, 184 U.S. 497, 511, 22 S.Ct. 372, 46 L.Ed. 657.

The proctors for the libellant shall prepare and submit forthwith an appropriate decree.